**CITY OF LAMBERTON, Appellant,**

v.

**Randal James MICKELSON, Respondent.**

**No. C8-84-627.**

Court of Appeals of Minnesota.

Sept. 18, 1984.

Brian L. White, Franta & White, Wabasso, for appellant.

John Schnobrich, Redwood Falls, for respondent.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal by the City of Lamberton from the trial court's vacation of its

prior judgment of conviction of respondent Randal Mickelson of the offense of driving after suspension of his driver's license. We affirm.

## FACTS

On August 11, 1983, defendant Randal Mickelson was charged with driving after suspension of his driver's license. He entered a plea of not guilty on September 19, 1983, was advised by mail that the trial would be held on October 27, 1983, and failed to appear at the trial. In his absence, he was found guilty and fined $300.00 with a $30.00 surcharge and sentenced to 30 days suspended on condition that the fine and surcharge were paid within 60 days.

On October 28, 1983, Mickelson telephoned the court inquiring when his trial would be held and was informed of the sentence. Several days later, Mickelson had a conversation with the trial judge who, according to Mickelson, told him he would grant him a new trial if Mickelson made a written formal motion pointing out the extenuating circumstances and also gave notice to the prosecuting attorney. Mickelson did not contact the prosecuting attorney until November 16, 1983, and did not contact an attorney of his choice until after that date. On November 22, his private attorney wrote the court requesting the matter be reopened. He was advised the matter had been reopened and that a trial was to be held at a later date. The court then advised both attorneys that a motion had to be brought pursuant to Minnesota Rules of Criminal Procedure 26.04.[1]

A formal written motion in compliance with the requirements of Rule 26.04 was never presented to the court. Regardless of that omission, on February 13, 1984, the trial court vacated its prior order of convic-

---

1. Rule 26.04 sets out the mechanics for obtaining a new trial or a judgment vacation. It requires either (1) written motion of the defendant setting out particular grounds in support of the motion, (2) motion of defendant to vacate if the tab charge (involved here) does not charge an offense or if the court was without jurisdiction of the offense charged, (3) or an order of the court, within 15 days after verdict or finding of guilty, with the consent of defendant, for a new trial upon any of the grounds specified in the motion made by defendant under (1) above.

tion based on an affidavit of Mickelson indicating he had not received prior notice of trial. Neither that affidavit nor any notice of motion as required by Rule 26.04 had ever been served on the prosecuting attorney.

By subsequent order dated March 1, 1984, the court reinstated and suspended, pending a "post verdict motion hearing," its prior sentence vacation. A hearing was held on March 29, 1984, evidently for the purpose of taking testimony in support of a motion by defendant's counsel for a new trial. At the hearing, Mickelson testified he never received notice of the first trial and that he first learned of the trial in the newspaper. He also stated he had then gone to the courthouse and talked with the judge who said he would open the case if there were extenuating circumstances and if the prosecuting attorney would agree to it. Following Mickelson's testimony, the court reinstated the February 13, 1984 order vacating the sentence and setting the matter for trial.

## ISSUE

Does the record permit a finding that the trial court granted a new trial upon the court's own motion within 15 days after verdict or finding of guilty?

## ANALYSIS

Rule 26.04 of the Minnesota Rules of Criminal Procedure details the various post verdict motions required in order to obtain either a new trial or a judgment vacated. Mickelson made no written motion for a new trial under subd. 1 or under subd. 2 to vacate the prior judgment. The only remaining remedy was under subd. 4, which states:

> The court, within 15 days after verdict or finding of guilty, with the consent of the defendant, may order a new trial upon any of the grounds specified in Rule 26.-04, subd. 1(1).

Minn.R.Crim.P. 26.04, subd. 4. The salient question is did the court make an order within the required 15 days? Here are the facts:

Mickelson was found guilty, in absentia, on October 27, 1983. On October 28, Mickelson was informed of the verdict. Within fifteen days after verdict, he contacted the trial court and was advised that the court would reopen the matter if there were extenuating circumstances and if the prosecuting attorney would agree to a reopening. Does this satisfy the requirements of Rule 26.04, subd. 4?

First, the consent of the prosecuting attorney, as initially required by the trial court, has nothing to do with the relief provided by subd. 4, which only requires the consent of the defendant. That consent certainly is implied. We must determine whether the court's informal meeting between Mickelson and the court within fifteen days after the verdict in which the court consented to reopen subject to certain conditions was, in fact, an "order" for a new trial under Minn.R.Crim.P. 26.04, subd. 4.

The trial court obviously believed Mickelson had not intentionally absented himself from the trial. The trial judge must have believed it would be in the interest of justice that Mickelson have his day in court. One of the grounds for a new trial appears under subd. 1(1) of Rule 26.04, which allows a new trial "[i]f required in the interests of justice." *Id.*

The procedure used by the trial judge may have been a little unorthodox, but there is nothing in Rule 26.04 that indicates there has not been substantial compliance therewith. This is not to condone the procedure employed by the court. It is strongly recommended that when a court, on its own motion, orders a new trial under Rule 26.04, that it do so in writing within 15 days of verdict or finding of guilty, specifying therein the grounds upon which said new trial is granted.

## DECISION

The order of reinstatement of prior vacation of sentence is hereby affirmed and the matter remanded for trial.